IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARYE JAMES JOHNSON AND | § | |
| KATHLEEN CUMMINGS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:16-cv-1086 |
| | § | |
| SWIFT TRANSPORTATION SERVICES, | § | |
| LLC AND JONATHAN HEIDENREICH | § | JURY REQUESTED |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC AND

JONATHAN HEIDENREICH, and hereby give notice of their removal of Cause No. 2016-00761

filed in the 113th Judicial District Court of Harris County, Texas, to the United States District Court

for the Southern District of Texas pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446.

### Factual Background

1.      On or about July 16, 2015, a motor vehicle and tractor trailer accident occurred near

the intersection of the 4600 block of North McCarty and Manitou in Harris County, Texas allegedly

involving all the parties.  Plaintiffs claim they were injured when a Swift Transportation truck

driven by Jonathan Heidenreich struck the driver's side of their vehicle. Plaintiffs claim they were

injured as a result of this collision and filed suit in state court.

2.      Plaintiffs filed suit in state court on January 6, 2016.  Service of Citation and

Amended Petition was made on counsel for Swift Transportation Co. of Arizona, LLC and Jonathan

Heidenreich on April 15, 2016.  In Plaintiffs' Amended Petition there is a monetary claim for

damages in an amount greater than $100,000, which exceeds the jurisdictional minimum.  The case

has been on file for less than one year.  Removal is both timely and appropriate.

**Basis for Removal and Jurisdiction**

3.      This cause may be removed pursuant to 28 U.S.C. § 1441(a). "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending."  This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy is greater than $75,000.00.

**Full Diversity Between the Parties**

*Complete Diversity of Citizenship*

4.      To have diversity of citizenship, each plaintiff must have a different citizenship from each defendant.  28 U.S.C. § 1332.  Complete diversity of citizenship exists between the parties as the Plaintiffs are Texas citizens and none of the Defendants are Texas citizens or corporations.

5.      Plaintiffs, Larye Johnson and Kathleen Cummings, are residents and citizens of the State of Texas.

6.      Defendant, Jonathan Heidenreich, was a resident and citizen of the State of Kansas at the time of the incident in question.

7.      Defendant, Swift Transportation Co. of Arizona, LLC is an Arizona corporation with its principal place of business in Phoenix, Arizona.

*Amount in Controversy*

8.      In order for diversity jurisdiction to exist, the amount in controversy must exceed $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).

9.      Plaintiffs are seeking more than $100,000.00 in damages, as stated in their Amended Petition.

## Removal is Timely and Appropriate

10.    If the plaintiff creates diversity jurisdiction sometime after filing the initial complaint, the defendant has one year from the commencement of the suit to remove.  28 U.S.C. § 1446(b).  A defendant has 30 days to remove a civil action after receipt of the first pleading or other paper that establishes the jurisdictional grounds.  28 U.S.C. § 1446(b).  When diversity is the basis for removal, the defendant can rely on the plaintiff's voluntary assertion of damages within the complaint to meet the monetary jurisdictional requirement for diversity.  *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).    "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Here, Plaintiffs' Amended Pleading voluntarily asserts an amount in controversy in excess of $75,000.00.  This removal is filed within the thirty (30) days of the service of Plaintiffs' Petition.  The removal is both timely and appropriate.

## Jury Demanded

11.    Defendants request that the case be tried before a jury.

## Consent of All Served Defendants

12.    Defendant Swift Transportation Co. of Arizona, LLC has been properly served and consents to this removal.

13.    Defendant Jonathan Heidenreich has been properly served and consents to this removal.

## Compliance with Local Rule and Notice Requirements

14.    Pursuant to 28 U.S.C. § 1446 and Local Rule 81, the following documents are attached to this Notice:

Exhibit A ........... List of State Court Filings

Exhibit B ........... Civil Process Request

Exhibit C ........... Civil Case Information Sheet

Exhibit D ........... Plaintiff's Original Petition, Requests for Disclosure and Written Discovery to Defendants

Exhibit E............ Civil Process Request and Plaintiffs' First Amended Petition

Defendants know of no orders signed by the state judge.

15.     Pursuant to 28 U.S.C. 1446(d), written notice of the filing of this instrument will be given to Plaintiffs.  A true and correct copy of this Notice of Removal also will be attached as an exhibit with the written Notice of Removal filed with the clerk of the state court.

Respectfully submitted,

/s/ Roger D. Oppenheim

_____

Roger D. Oppenheim
FBN:  14206
SBN:  15292400

OF COUNSEL:
**LORANCE & THOMPSON, P.C.**
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com
ATTORNEY FOR DEFENDANTS
SWIFT TRANSPORTATION CO. OF ARIZONA, LLC
AND JONATHAN HEIDENRICH

**CERTIFICATE OF SERVICE**

On this 22nd day of April, 2016, a true and correct copy of the foregoing instrument has been provided to all parties by e-filing and/or telefax transmission.

Mr. Omar Khawaja
Husain Law & Associates, PC
5858 Westheimer, Ste. 400
Houston, TX 77057
okhawaja@hlalawfirm.com

/s/ Roger D. Oppenheim
_____
Roger D. Oppenheim

### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **LARYE JAMES JOHNSON AND** | § | |
| **KATHLEEN CUMMINGS** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:16-cv-1086** |
| | § | |
| **SWIFT TRANSPORTATION SERVICES,** | § | |
| **LLC AND JONATHAN HEIDENREICH** | § | **JURY REQUESTED** |

### INDEX OF MATTERS BEING FILED

Defendants, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC AND JONATHAN

HEIDENREICH, in connection with the removal of this case to the United States District Court for

the Southern District of Texas, Houston Division, file their index of matters, as follows:

Exhibit A ........... List of State Court Filings

Exhibit B ........... Civil Process Request

Exhibit C ........... Civil Case Information Sheet

Exhibit D ........... Plaintiffs' Original Petition, Requests for Disclosure and Written
Discovery to Defendants

Exhibit E ............ Civil Process Request and Plaintiffs' First Amended Petition

Respectfully submitted,

/s/ Roger D. Oppenheim

_____

Roger D. Oppenheim
FBN: 14206
SBN: 15292400

OF COUNSEL:
**LORANCE & THOMPSON, P.C.**
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com

579736.1 PLD 0011310 10031 RDO

ATTORNEY FOR DEFENDANTS
SWIFT TRANSPORTATION CO. OF ARIZONA, LLC
AND JONATHAN HEIDENRICH

## CERTIFICATE OF SERVICE

On this 22nd day of April, 2016, a true and correct copy of the foregoing instrument has been provided to all parties by e-filing and/or telefax transmission.

Mr. Omar Khawaja
Husain Law & Associates, PC
5858 Westheimer, Ste. 400
Houston, TX 77057
okhawaja@hlalawfirm.com

/s/ Roger D. Oppenheim
_____
Roger D. Oppenheim

 **201600761 - JOHNSON, LARYE JAMES vs. SWIFT TRANSPORTATION SERVICES LLC (Court 113)**

Chronological History | Print All

*(non-financial)*

| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
|---|---|---|---|---|---|---|
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

\* Note: Only non-confidential public civil/criminal documents are available to the Public. All non-confidential Civil documents are imaged. In Family Cases, select non-confidential documents and all e-filings are available in electronic format (not every document is available for electronic viewing and a document may be filed in the case that is not viewable electronically). In Criminal Cases, select non-confidential documents are available in electronic format (not every document is available for electronic viewing and a document may be filed in the case that is not viewable electronically). If the case or Civil document you are looking for is not available and should be, please click here to notify Customer Service.
You may print and save uncertified copies of documents from the preview window.

Purchase Order
 ( 0 documents )

Print List

| Image No. | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case |
|---|---|---|---|---|---|---|
| 69840006 | plaintiffs FIRST AMENDED PETITION | | | 04/15/2016 | 7 | Add to Basket |
| 69840007 | CIVIL PROCESS REQUEST | | | 04/15/2016 | 2 | Add to Basket |
| 68464076 | PLAINTIFFS' ORIGINAL PETITION | | | 01/06/2016 | 7 | Add to Basket |
| 68464077 | CIVIL CASE INFORMATION SHEET | | | 01/06/2016 | 2 | Add to Basket |
| 68464078 | CIVIL PROCESS REQUEST | | | 01/06/2016 | 2 | Add to Basket |
| 68464082 | INTERROGATORIES TO HEIDENREICH | | | 01/06/2016 | 7 | Add to Basket |
| 68464080 | REQUEST FOR DISCLOSURE TO HEIDENREICH | | | 01/06/2016 | 2 | Add to Basket |
| 68464083 | REQUEST FOR DISCLOSURE TO SWIFT | | | 01/06/2016 | 3 | Add to Basket |
| 68464079 | REQUEST FOR PRODUCTION TO HEIDENREICH | | | 01/06/2016 | 2 | Add to Basket |
| 68464081 | REQUEST FOR PRODUCTION TO HEIDENREICH | | | 01/06/2016 | 6 | Add to Basket |
| 68464084 | REQUEST FOR PRODUCTION TO SWIFT | | | 01/06/2016 | 7 | Add to Basket |

[W66]



# CIVIL PROCESS REQUEST FORM

2016-00761 / Court: 113

1/6/2016 4:39:53 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 8489140
By: CUERO, NELSON
Filed: 1/6/2016 4:39:53 PM

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING.
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____     CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): PLAINTIFFS' ORIGINAL PETITION _____

FILE DATE OF MOTION: _____
                                          Month/        Day/        Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME: SWIFT TRANSPORTATION SERVICES, LLC _____

    ADDRESS: 2200 SOUTH 75TH AVENUE PHOENIX, ARIZONA 85043 _____

    AGENT, (if applicable): National Registered Agents, Inc. 1999 Bryan Street, Suite 900, Dallas, Texas 75201

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): CITATION _____

    SERVICE BY (check one):
    ☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
    ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____
    X MAIL                                ☐ CERTIFIED MAIL
    ☐ PUBLICATION:
       Type of Publication:    ☐ COURTHOUSE DOOR,  or
                               ☐ NEWSPAPER OF YOUR CHOICE: _____

    ☐ OTHER, explain _____

### ATTENTION: Effective June1, 2010

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back. Thanks you,**

*********************************************************************************************

2.  NAME: JONATHAN HEIDENREICH _____

    ADDRESS: 1401 N. NEW YORK #308, LIBERAL, KANSAS 67091 _____

    AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): CITATION _____

    SERVICE BY (check one):
    ☐ ATTORNEY PICK-UP                    ☐ CONSTABLE

    ☐ CIVIL PROCESS SERVER -  Authorized Person to Pick-up: _____   Phone: _____

    X MAIL                                ☐ CERTIFIED MAIL

    ☐ PUBLICATION:
       Type of Publication:    ☐ COURTHOUSE DOOR,  or
                               ☐ NEWSPAPER OF YOUR CHOICE: _____

    ☐ OTHER, explain _____

## ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: OMAR KHAWAJA _____   TEXAS BAR NO./ID NO. 24072181 _____

MAILING ADDRESS: 5858 WESTHEIMER ROAD, HOUSTON, TEXAS 77057 _____

PHONE NUMBER: 713-621-8900 _____   FAX NUMBER:   713-621-8909 _____
                 area code        phone number                       area code       fax number

EMAIL ADDRESS: _____

Certified Document Number: 68464078 - Page 1 of 2

DEFENDANT'S EXHIBIT
B
ALL-STATE LEGAL

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:

ORDER TO: _____
(specify)

MOTION TO: _____
(specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Certified Document Number: 68464078 - Page 2 of 2

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                    Rev. 5/7/10



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 14, 2016

Certified Document Number:      68464078 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

1/6/2016 4:39:53 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 8489140
By: CUERO, NELSON
Filed: 1/6/2016 4:39:53 PM

## CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* 2016-00761 / Court: 113   **COURT** *(FOR CLERK USE ONLY):*

**STYLED** LARYE JAMES JOHNSON AND KATHLEEN CUMMINGS vs. SWIFT TRANSPORTATION SERVICES, LLC AND JONATHAN HEIDENREICH

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| **Name:**<br>OMAR KHAWAJA | **Email:** | **Plaintiff(s)/Petitioner(s):**<br><br>LARYE JAMES JOHNSON and KATHLEEN CUMMINGS<br>—— | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| **Address:**<br>5858 WESTHEIMER ROAD, SUITE 400 | **Telephone:**<br>713-621-8900 | | Additional Parties in Child Support Case: |
| | **Fax:**<br>713-621-8909 | | Custodial Parent: |
| **City/State/Zip:**<br>HOUSTON, TEXAS 77057 | **State Bar No:**<br>24072181 | **Defendant(s)/Respondent(s):**<br><br>SWIFT TRANSPORTATION SERVICES, LLC and JONATHAN HEIDENREICH<br>——<br>—— | Non-Custodial Parent:<br><br>Presumed Father:<br>—— |
| **Signature:**<br>_____ | | *[Attach additional page as necessary to list all parties]* | |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|

| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
|---|---|---|---|---|
| *Debt/Contract*<br>☒Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>  ☐Accounting<br>  ☐Legal<br>  ☐Medical<br>  ☐Other Professional<br>   Liability: _____<br>☒Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>  ☐Asbestos/Silica<br>  ☐Other Product Liability<br>   List Product: _____<br><br>☐Other Injury or Damage: | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>  ☐With Children<br>  ☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br><br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: _____ | ☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: _____ | ☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Paternity/Parentage<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

DEFENDANT'S EXHIBIT
C
ALL-STATE LEGAL®

| ☒ Appeal from Municipal or Justice Court | ☒ Declaratory Judgment | ☒ Prejudgment Remedy |
| ☒ Arbitration-related | ☒ Garnishment | ☒ Protective Order |
| ☒ Attachment | ☒ Interpleader | ☒ Receiver |
| ☒ Bill of Review | ☒ License | ☒ Sequestration |
| ☒ Certiorari | ☒ Mandamus | ☒ Temporary Restraining Order/Injunction |
| ☒ Class Action | ☒ Post-judgment | ☒ Turnover |

**4. Indicate damages sought (*do not select if it is a family law case*):**

☒ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☒ Less than $100,000 and non-monetary relief
☒ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

Rev 2/13

Certified Document Number: 68464077 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 14, 2016

Certified Document Number:      68464077 Total Pages: 2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

1/6/2016 4:39:53 PM
Chris Daniel - District Clerk Harris County
Envelope No. 8489140
By: Nelson Cuero
Filed: 1/6/2016 4:39:53 PM

2016-00761 / Court: 113

| | | |
|---|---|---|
| LARYE JAMES JOHNSON AND | § | IN THE DISTRICT COURT OF |
| KATHLEEN CUMMINGS | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SWIFT TRANSPORTATION | § | |
| SERVICES, LLC AND | § | |
| JONATHAN HEIDENREICH | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **LARYE JAMES JOHNSON** and **KATHLLEEN CUMMINGS**, PLAINTIFFS, complaining of **SWIFT TRANSPORTATION SERVICES, LLC** and **JONATHAN HEIDENREICH**, DEFENDANTS, and for cause of action would respectfully show the following:

### A.
### LEVEL

Discovery is intended to be conducted under Level 2 of Texas Rules of Civil Procedure 190. Plaintiffs affirmatively plead that they seek monetary relief in excess of $100,000.00 but no more than $200,000.00.

### B.
### PARTIES

Plaintiffs, **LARYE JAMES JOHNSON** and **KATHLLEEN CUMMINGS**, individuals, are residents of Houston, Harris County, Texas.

Certified Document Number: 68464076 - Page 1 of 7


DEFENDANT'S EXHIBIT D

Defendant, **SWIFT TRANSPORTATION SERVICES, LLC**, a corporation, doing business in the state of Texas and may be served through its registered agent: National Registered Agents, Inc. located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 or wherever they may be found. Citation is requested at this time.

Defendant, **JONATHAN HEIDENREICH**, an individual, is a resident of Liberal, Seward County, Kansas and may be served with process at his place of residence located at 1401 N. New York #308, Liberal, Kansas 67091 or wherever he may be found. Citation is requested at this time.

## C.
## VENUE

Venue is proper in Harris County, Texas, pursuant to § 15.002(a)(1) of the Texas Civil Practice & Remedies Code, as it is the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

## D.
## FACTS

On or about July 16, 2015 Plaintiff, **LARYE JAMES JOHNSON**, was lawfully making a right turn at the 4600 block of North McCarty Street when suddenly and without warning Defendant, **JONATHAN HEIDENREICH**, failed to yield to the right-of-way and struck Plaintiff's vehicle. At the time of the collision, Defendant, **JONATHAN HEIDENREICH**, was driving a vehicle owned by Defendant, **SWIFT TRANSPORTATION SERVICES, LLC**.

As a result of the aforementioned collision caused by the negligence of Defendants, **SWIFT TRANSPORTATION SERVICES, LLC** and **JONATHAN HEIDENREICH**, Plaintiff sustained bodily injuries, as will be more fully described hereinafter.

**E.**
## NEGLIGENCE OF SWIFT TRANSPROTATION SERVICES, LLC

As stated earlier at the time of the aforementioned collision Defendant, **JONATHAN HEIDENREICH**, was an employee of Defendant, **SWIFT TRANSPORTATION SERVICES, LLC**, and was acting within the course and scope of employment. Defendant, **SWIFT TRANSPORTATION SERVICES, LLC**, was negligent in hiring, training, supervising, and entrusting its vehicle to Defendant, **JONATHAN HEIDENREICH**.

**F.**
## NEGLIGENCE OF JONATHAN HEIDENREICH

The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligence, negligence per se and/or gross negligence of the Defendant, **JONATHAN HEIDENREICH**, for a variety of acts and omissions, including but not limited to one or more of the following:

A.   In driving said vehicle at an excessive rate of speed immediately prior to the collision;

B.   In operating said vehicle in a careless and reckless manner;

C.   In failing to apply the brakes of said vehicle in time to avoid the aforesaid collision;

D.   In failing to keep a proper lookout;

E.   In failing to keep said vehicle under reasonable and proper control;

F.   In failing to pay full time and attention;

G.   In failing to control speed;

H.   In failing to reduce the speed of said vehicle immediately prior to the aforesaid collision to a rate of speed that would be reasonable and prudent under the same or similar circumstances; and

I.   In failing to obey the statutes of the State of Texas as they pertain to the operation of a motor vehicle; specifically § 545.062.

Each and all of the above acts and/or omissions were negligence and each and all were a proximate cause of the following made the basis of this suit and the injuries and damages suffered by the Plaintiff herein.

## G.
## VICARIOUS LIABLITIY

To continue, Defendant, **SWIFT TRANSPORTATION SERVICES, LLC**, is liable under the theory of respondent superior. Under this theory a principal is subject to liability for the conduct of its employees when the commit a tort within the scope of their authority. Defendant, **JONATHAN HEIDENREICH**, was an employee of Defendant, **SWIFT TRANSPORTATION SERVICES, LLC**, and was acting within the course and scope of employment at the time if the collision. Defendant, **SWIFT TRANSPORTATION SERVICES, LLC**, therefore, is vicariously liable for negligence.

## H.
## DAMAGES – LARYE JAMES JOHNSON

As a result of the occurrence in question Plaintiff, **LARYE JAMES JOHNSON**, sustained serious personal injuries, mental anguish, and physical pain and suffering, medical expenses in the past, and impairment and disability in the past. It is believed that the Plaintiff will also suffer legally recoverable damages in the future. The Plaintiff, **LARYE JAMES JOHNSON**, will respectfully request the Court and Jury to determine the amount of loss the Plaintiff has incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry. There are certain elements of damages provided by law that the Plaintiff is entitled to have the Jury in this case consider separately to determine the sum of money each element that will fairly and reasonable compensate the Plaintiff for the injuries, damages and losses incurred for the date of the accident in question until the time of trial of this case, those elements of damages are as follows:

A.   The physical pain and suffering that the plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

B.   The mental anguish that the Plaintiff has suffered from the date of occurrence in question up to the time of trial;

C.   The amount of reasonable medical expenses necessarily incurred in the treatment of the Plaintiff's injuries from the date of the accident in question up to the time of trail and in the future;

D.   The loss and/or reduction of earnings and/or earning capacity sustained by the Plaintiff from the date of occurrence n question up to the time of trial and in the future;

E.   The physical impairment which the Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future; and

F.   Property damage, loss of use, and diminished value sustained by Plaintiff.

## X.
## DAMAGES – KATHLLEEN CUMMINGS

As a result of the occurrence in question, Plaintiff, **KATHLEEN CUMMINGS**, suffered mental anguish, loss of consortium, and loss of household services. It is believed the Plaintiff will also suffer legally recoverable damages in the future. Plaintiff, **KATHLEEN CUMMINGS**, respectfully requests the Court and Jury to determine the amount of loss the Plaintiff has incurred and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. There are certain elements of damages provided by law that the Plaintiff is entitled to have the jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate the Plaintiff for the damages, and losses incurred from the date of the accident in question until the time of trial of this case. Those elements of damages are as follows:

a.   The mental anguish that the Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

b.   The loss of consortium, care, comfort, society and friendship from the date of the occurrence in question up to the time of trial and in the future; and

c.   The loss of household services from the date of the occurrence in question to the time of trial and in the future.

## I.
## NOTICE THAT DOCUMENTS WILL BE USED

Pursuant to Rule 193.7, Plaintiff hereby gives notice that all documents produced by Defendants in response to written discovery may be used at any pre-trial proceeding or at the trial of this case.

## J.
## WRITTEN DISCOVERY REQUESTED FROM DEFENDANT, SWIFT TRANSPORTATION SERVICES, LLC

Pursuant to Rule 194, the Defendant is requested to disclose, within fifty (50) days of receipt of this request, the information or material described in Rule 194.2(a) through (l) and attached hereto as *Plaintiff's Request for Disclosure* and *Plaintiff's Request for Production*.

## K.
## WRITTEN DISCOVERY REQUESTED FROM DEFENDANT, JONATHAN HEIDENREICH

Pursuant to Rule 194, the Defendant is requested to disclose, within fifty (50) days of receipt of this request, the information or material described in Rule 194.2(a) through (l). Furthermore, Defendant is requested to respond to, within fifty (50) days of receipt of these requests, *Plaintiff's First Set of Interrogatories*, *Plaintiff's First Request for Production*, and *Plaintiff's First Request for Admissions*, which are being served with a copy of this original petition.

## PRAYER

Plaintiffs, **LARYE JAMES JOHNSON** and **KATHLLEEN CUMMINGS**, seek all legally recoverable damages, including pre-judgment and post-judgment interests. Plaintiffs' damages at this time are all in excess of the minimal jurisdictional limits of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, **LARYE JAMES JOHNSON** and **KATHLLEEN CUMMINGS,** prays that the Defendants, **SWIFT TRANSPORTATION SERVICES, LLC** and **JONATHAN HEIDENREICH,** be cited in terms of law to appear and answer herein; that upon final trial hereof, the Plaintiffs have judgment against the Defendants for all damages, punitive damages, legally recoverable pre-judgment and post-judgment interests, all costs of Court, and any other further relief to which Plaintiffs may show himself justly entitled.

Respectfully submitted,

**HUSAIN LAW + ASSOCIATES, PC**

By: */s/ Omar Khawaja*
**OMAR KHAWAJA**
**TBN: 24072181**
5858 Westheimer Road, Suite 400
Houston, TX  77057
(713) 621-8900 (Office)
(713) 621-8909 (Facsimile)
E-Service: eserve@hlalawfirm.com

**COUNSEL FOR PLAINTIFFS**



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 14, 2016

Certified Document Number:        68464076 Total Pages: 7

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

1/6/2016 4:39:53 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 8489140
By: CUERO, NELSON
Filed: 1/6/2016 4:39:53 PM

**2016-00761 / Court: 113**
CAUSE NO. _____

| | | |
|---|---|---|
| **LARYE JAMES JOHNSON AND** | § | **IN THE DISTRICT COURT OF** |
| **KATHLEEN CUMMINGS** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **SWIFT TRANSPORTATION** | § | |
| **SERVICES, LLC AND** | § | |
| **JONATHAN HEIDENREICH** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## LARYE JAMES JOHNSON'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT, JONATHAN HEIDENREICH

To:   Defendant, **JONATHAN HEIDENREICH**, an individual, is a resident of Liberal, Seward County, Kansas and may be served with process at his residence located at 1401 N. New York #308, Liberal, Kansas 67091 or wherever he may be found.

NOW COMES the Plaintiff, **LARYE JAMES JOHNSON**, in the above styled and numbered cause, and in order to simplify the issues for the trial of this cause makes the following Request for Admissions of Fact under the provisions of Rule 198, Tex.R.Civ.P., and demands that within fifty (50) days after the service of these Requests on the Defendant or his attorneys, that the Defendant specifically admit under oath the following facts. The Defendant is hereby advised that a failure to specifically answer any request or an evasive answer to any request will be taken as an admission of truth of such request. A true and correct copy of this request is being delivered to the Clerk of the Court for filing herein. The facts which you are requested to admit or deny are as follows:

1.   Do you admit or deny that on July 16, 2015 a collision occurred between a vehicle driven by you, **JONATHAN HEIDENREICH**, and a vehicle driven by Plaintiff in Harris County, Texas.

2.   Do you admit or deny that on July 16, 2015 the vehicle you were driving hit the car Plaintiff was driving?

3.   Do you admit or deny that at the time of the collision in question there were no obstructions to your vision?

4.   Do you admit or deny that at the time of the collision in question you were traveling at a speed that would not allow you to bring your vehicle to a stop without hitting Plaintiff's vehicle?

5.   Do you admit or deny that at the time of the collision in question you did not see Plaintiff's vehicle in enough time to take sufficient action to avoid hitting it?

6.   Do you admit or deny that at the time of the collision in question you did not apply your brakes before hitting Plaintiff's vehicle?

7.   Do you admit or deny that at the time of the collision in question you did not apply your brakes in enough time to avoid hitting Plaintiff's vehicle?

8.   Do you admit or deny that Plaintiff was injured as a result of this accident?

Respectfully submitted,

**HUSAIN LAW + ASSOCIATES, PC**

By: */s/ Omar Khawaja*
**OMAR KHAWAJA**
**TBN: 24072181**
5858 Westheimer Road, Suite 400
Houston, TX  77057
(713) 621-8900 (Office)
(713) 621-8909 (Facsimile)
E-Service: eserve@hlalawfirm.com

**COUNSEL FOR PLAINTIFFS**



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 14, 2016

Certified Document Number:        68464079 Total Pages:  2

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

1/6/2016 4:39:53 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 8489140
By: CUERO, NELSON
Filed: 1/8/2016 4:39:53 PM

CAUSE NO. _____

## 2016-00761 / Court: 113

| | | |
|---|---|---|
| LARYE JAMES JOHNSON AND | § | IN THE DISTRICT COURT OF |
| KATHLEEN CUMMINGS | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SWIFT TRANSPORTATION | § | |
| SERVICES, LLC AND | § | |
| JONATHAN HEIDENREICH | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## LARYE JAMES JOHNSON'S REQUEST FOR DISCLOSURE TO DEFENDANT, LARYE JAMES JOHNSON

To:   Defendant, **JONATHAN HEIDENREICH**, an individual, is a resident of Liberal, Seward County, Kansas and may be served with process at his residence located at 1401 N. New York #308, Liberal, Kansas 67091 or wherever he may be found.

PLEASE TAKE NOTICE that, pursuant to the Texas Rules of Civil Procedure, you are requested to disclose, within fifty (50) days of service of this request, the information or material described below:

a.   The correct names of the parties to this lawsuit;

b.   The name, address, and telephone number of any potential parties;

c.   The legal theories and, in general, the factual bases of the responding party's claims or defenses;

d.   The amount and any method of calculating economic damages;

e.   The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

f.   For all testifying experts:

1.   The expert's name, address and telephone number;

2.   The subject matter on which the expert will testify;

3.   The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by or otherwise subject to the control of the responding party, documents reflecting such information;

4.     If the expert is retained by, employed by or otherwise subject to control by the responding party;

       (A)     All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

       (B)     The expert's current resume and bibliography;

g.     Any discoverable indemnity and insuring agreements;

h.     Any discoverable settlement agreements;

i.     Any discoverable witness statements;

j.     All medical records and bills that are reasonably related to the injuries and damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

k.     The injured party's medical records with an authorization furnished by the injured party, a copy of all the records it obtained; and

l.     The name, address, and telephone number of any person who may be designated as a responsible third party.

Should your responses to this request require the production of voluminous documents, please produce the responsive documents for inspection, photographing, and copying in the offices of **HUSAIN LAW + ASSOCIATES, PC., 5858 Westheimer Road, Suite 400, Houston, Texas 77057.** Pursuant to the Texas Rules of Civil Procedure, please respond to this request within fifty (50) days of the date of service.

Respectfully submitted,

**HUSAIN LAW + ASSOCIATES, PC**

By: */s/ Omar Khawaja*
**OMAR KHAWAJA**
**TBN: 24072181**
5858 Westheimer Road, Suite 400
Houston, TX  77057
(713) 621-8900 (Office)
(713) 621-8909 (Facsimile)
E-Service: eserve@hlalawfirm.com

**COUNSEL FOR PLAINTIFFS**



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 14, 2016

Certified Document Number:        68464080 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

1/6/2016 4:39:53 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 8489140
By: CUERO, NELSON
Filed: 1/8/2016 4:39:53 PM

CAUSE NO. _____

2016-00761 / Court: 113

| | | |
|---|---|---|
| LARYE JAMES JOHNSON AND | § | IN THE DISTRICT COURT OF |
| KATHLEEN CUMMINGS | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SWIFT TRANSPORTATION | § | |
| SERVICES, LLC AND | § | |
| JONATHAN HEIDENREICH | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## LARYE JAMES JOHNSON'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT, JONATHAN HEIDENREICH

To:     Defendant, **JONATHAN HEIDENREICH**, an individual, is a resident of Liberal, Seward County, Kansas and may be served with process at his residence located at 1401 N. New York #308, Liberal, Kansas 67091 or wherever he may be found.

Plaintiff, **LARYE JAMES JOHNSON**, pursuant to Rule 196 of the Texas Rules of Civil Procedure, hereby serves this Request for Production upon you.  Your written responses to this Request for Production are to be directed to **HUSAIN LAW + ASSOCIATES, PC, 5858 Westheimer Road, Suite 400, Houston, Texas 77057**, within fifty (50) days from the date of service of this pleading.  You are hereby requested to produce in the manner directed below the following listed documents, tangible things and items.

Respectfully submitted,

HUSAIN + ASSOCIATES

By: */s/ Omar Khawaja*
**OMAR KHAWAJA**
**TBN: 24072181**
5858 Westheimer Road, Suite 400
Houston, TX  77057
(713) 621-8900 (Office)
(713) 621-8909 (Facsimile)
E-Service: eserve@hlalawfirm.com

**COUNSEL FOR PLAINTIFFS**

## INSTRUCTIONS

1. Answer each request for documents separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other request information. State the specific grounds for the claim of privilege or other ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name, address and job title of the person whom it was addressed to, circulated to, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; and the present location and the custodian for the document.

3. For a document that no longer exists or that cannot be located, identify the document; state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

## DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Plaintiff," means **LARYE JAMES JOHNSON**, his agents, representatives, and all other persons acting in concert with theirs, or under their control, whether directly or indirectly, including any attorney.

2. "Defendant," means **JONATHAN HEIDENREICH**, his agents, representatives, and all other persons acting in concert with him, or his control, whether directly or indirectly, including any attorney.

3. "You" or "your" means **JONATHAN HEIDENREICH**, his successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant, his successors, predecessors, divisions, and subsidiaries.

4. "Document(s)" means all written, typed, or printed matters, and all magnetic or other records or documentation of any kind or description (including, without limitations, letters, correspondence, telegrams, memoranda, notes, records, minutes, contract, agreements, records, or notations of telephone or personal photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents whether or not prepared by you.

5.     "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitations, all collections of documents, maintained, held or stored in folders, notebooks, or other devices for separating or organizing documents.

6.     "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7.     "Relating to" and or "relates to" means, without limitations, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the request.

8.     "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

9.     "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

10.    "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.    "Describe" and "identify", when referring to a person, are defined to require that you state the following:

    a.     The full name.

    b.     The present or last known residential address.

    c.     The present or last known residential and office telephone numbers.

    d.     The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.

    e.     In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

12.    "Describe" and "identify", when referring to a document, are defined to require that you state the following:

    a.     The nature (e.g., letter, handwritten note) of the document

    b.     The title or heading that appears on the document

    c.     The date of the document and the date of each addendum supplement, or other addition or change.

    d.     The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

    e.     The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

13.   The word "and" means "and/or."

14.   The word "or" means "or/and."

## REQUEST FOR PRODUCTION

1.   Please produce copies of all diagrams, charts, photographs or videotapes relevant and/or pertaining to this lawsuit.

   **RESPONSE:**

2.   Please produce copies of all written, recorded, stenographic, mechanical, electrical, or other type of recorded or transcribed statements obtained from Plaintiff, his agents, employees or representatives concerning the subject matter of this lawsuit.

   **RESPONSE:**

3.   Please produce true copies of any accident reports prepared by or on behalf of Defendant prior to or subsequent to receiving notice of this lawsuit or claim.

   **RESPONSE:**

4.   Please produce any and all correspondence, communications, letters, notes of oral communication, and all other documents or writings sent to or received from, or exchanged between you and Plaintiff and his agents, employees, or representatives concerning the subject matter of this lawsuit.

   **RESPONSE:**

5.   Please produce a copy of the prescription for the corrective lenses, if any, worn by Defendant.

   **RESPONSE:**

6.   Please produce a copy of any citation received by the Defendant driver as a result of his actions in this occurrence that made the basis of this lawsuit.

   **RESPONSE:**

7.   Please produce copies of any and all records obtained by virtue of any authorization provided to you by the Plaintiff.

   **RESPONSE:**

8.   Please produce copies of any estimates or bill of repairs to Plaintiff's vehicle.

     **RESPONSE:**

9.   Please produce any diary, journal or memoranda kept by Defendant relating to the facts that made the basis of this lawsuit.

     **RESPONSE:**

10.  Please provide a copy of the front and back of the Defendant's driver's license.

     **RESPONSE:**



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 14, 2016

Certified Document Number:        68464081 Total Pages:  6

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

1/6/2016 4:39:53 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 8489140
By: CUERO, NELSON
Filed: 1/6/2016 4:39:53 PM

2016-00761 / Court: 113

| | | |
|---|---|---|
| **LARYE JAMES JOHNSON AND** | § | IN THE DISTRICT COURT OF |
| **KATHLEEN CUMMINGS** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | HARRIS COUNTY, TEXAS |
| | § | |
| **SWIFT TRANSPORTATION** | § | |
| **SERVICES, LLC AND** | § | |
| **JONATHAN HEIDENREICH** | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## LARYE JAMES JOHNSON FIRST SET OF INTERROGATORIES TO DEFENDANT, JONATHAN HEIDENREICH

To:     Defendant, **JONATHAN HEIDENREICH,** an individual, is a resident of Liberal, Seward County, Kansas and may be served with process at his residence located at 1401 N. New York #308, Liberal, Kansas 67091 or wherever he may be found.

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, the Plaintiff serves these Interrogatories upon you, the answers to which shall be made under oath separately and fully in writing within fifty (50) days after service of such Interrogatories and shall be given to the undersigned attorneys of record.

Respectfully submitted,

**HUSAIN LAW + ASSOCIATES, PC**

By: */s/ Omar Khawaja*
**OMAR KHAWAJA**
**TBN: 24072181**
5858 Westheimer Road, Suite 400
Houston, TX 77057
(713) 621-8900 (Office)
(713) 621-8909 (Facsimile)
E-Service: eserve@hlalawfirm.com

**COUNSEL FOR PLAINTIFFS**

Certified Document Number: 68464082 - Page 1 of 7

## PRELIMINARY STATEMENT

1.     The following interrogatories are to be answered separately and fully, by furnishing all information in your possession, custody or control, including all information to which you have a superior right to compel from a third party, such as your agent, authority, or representative.

2.     You are to answer the interrogatories under oath.  Your attorney in this case is not allowed to sign or swear to the answers you have made to the interrogatories.

3.     In answering these interrogatories, you are further instructed as follows:

   a)     You are under a duty to supplement your answers to these interrogatories after you have completely answered them, if you obtain information upon the basis of which:  (1) you know that your previous answer was incorrect or incomplete when made, or (2) you know that the answer though correct and complete when made is no longer true and the circumstances are such that if failure to amend the answer is in substance misleading.

   b)     Your supplemental answers must be filed no less than fifty (50) days prior to the beginning of trial unless the Court finds that a good cause exist for permitting or requiring earlier or later supplementation.

4.     If you refuse to answer these interrogatories, the Court may enter an order compelling you to do so and also assess reasonable expenses incurred in obtaining the order against you including reasonable attorney's fees.

5.     Failure to answer these interrogatories within the time allowed may result in the entry of a judgment against you or other sanctions by the Court as provided by Rule 215(a) of the Texas Rules of Civil Procedure.

6.     Whenever an interrogatory requesting the identification of a document or documents, please set forth where they exist, the name and address of its custodian, a description of its contents, including its author, date and addresses, the number of pages it contains and all attachments to the original document.

7.     Whenever a request for production or interrogatory solicits the identification and production of a document(s), please provide an index to said documents in the event that ten (10) or more documents are produced.

8.     If the answer to any interrogatory may be derived or ascertained from your business record, and the burden of deriving the answer would be substantially the same for Plaintiff and you, you must specify the records from which the answer may be obtained. However, the specification must be in sufficient detail to allow Plaintiff and his attorney to locate and identify the answer as easily as you can, and must include reasonable opportunity to examine, audit or inspect such records and to make copies, compilation, abstracts or summaries.

9.    If you object to part of an interrogatory and refuse to answer that part, state precisely your objection and answer to the best of your ability your remaining portion of that interrogatory. If you object to the scope or time period of an interrogatory, then refuse to answer for that scope or time period, state your objection, and answer the interrogatory within the appropriate scope for the appropriate time.

10.   If a privilege or work-product immunity is claimed as a ground for not answering an interrogatory in whole or in part, describe the factual basis for the claim of privileges or work-product immunity in sufficient detail so as to permit the Court to ascertain the validity of such claim.

So that we might have the interrogatories and your answers in the same document, please provide your answers in the space allowed beneath each interrogatory (using an addendum if more room is required for any given interrogatory). Answers to interrogatories are requested to be preceded by the question or interrogatory to which the answer pertains.

## DEFINITIONS

1.    "YOU" or "YOUR" or "YOURS" refers to Defendant, **JONATHAN HEIDENREICH**, by and through his attorney.

2.    The term "IDENTIFY FULLY" has different meanings depending upon the context of the question. If should be interpreted according to its common sense understanding of the work so as to provide a full description of the matter involved. "IDENTIFY FULLY" means to give a complete and full identification concerning the matter about which inquiry is made.

a)    As for an expert witness, IDENTIFY FULLY means to include the expert's full name, address, phone number, undergraduate and advanced degrees and the schools from which she/he obtained the degrees, the area of expertise, the subject matter about which she/he expects to testify at trial, the mental impressions and opinions held by the expert, and the facts known to the expert which relate to or form the basis of the expert's mental impressions and/or opinions.

b)    As to an individual, an eye witness and witnesses who have knowledge of relevant facts in regard to the subject matter of the lawsuit or person, IDENTIFY FULLY means to include the person's full name, current address, current phone number, place of employment, place of employment at time of the accident, social security number and date of birth, made the basis of the lawsuit, and the factual observations of the witness.

c)    As to a statement, memorandum, or report, IDENTIFY FULLY means to provide the full name of the person giving the statement, their home address, their work location, their home and business telephone numbers, the present whereabouts of the person taking the statement, the date or dates of when the statement was taken, whether the statement was oral or written, and the name and address of the person presently in possession of the statement.

d)     As to a document, IDENTIFY FULLY means to state a description of the document, its date, the author(s), the recipient(s), its location, the name and address of its custodian, and the substance of the document.

e)     As to an act and/or omission, IDENTIFY FULLY means to state a detailed description of the act or omission, the date it occurred, the place it occurred, the identity of the person or persons performing such act, or in the case of an omission, the identity of all persons who have knowledge of the act or omission, the date the act or omission first became known to you, and the circumstances and manner in which you first obtained such knowledge.

f)     As to a public or private corporation, partnership, associate or other organization, or to a governmental agency, means to state its full name and present, or last known pertinent business address.

g)     As to an insurance policy or policies means to state the type of insurance coverage, the name of the insurer, the liability limits, per person and per occurrence, whether it's an umbrella, excess or primary policy, and the identification numbers of each policy or policies.

h)     As to a conversation means to state the subject-matter of the conversation, the number of conversations, if pertinent, all participants to the conversation, all listeners to the conversation, and the time and date of the conversation.

i)     As to a study, test, or experiment means to state the names and addresses of all persons involved in the study, test, or experiment, the period of time involved, the purpose of the study, test, or experiment, and the results of the study, test or experiment.

j)     As to a lawsuit means to state the style, cause number, court, county, and state the lawsuit was filed in, the identity of the person(s) bringing suit against you, the identity of the attorney representing the person(s) who brought suit against you, the nature of the claims against you and, the resolution, if any, to such lawsuit (e.g., the type or judgment rendered, the amount of any judgment, or the amount of any settlement).

3. The term "disposition" means please state whether the lawsuit was settled or tried, the result of the verdict, the amount of the settlement and/or verdict and the date the verdict/settlement occurred.

Certified Document Number: 68464082 - Page 4 of 7

## INTERROGATORIES

### INTERROGATORY NO. 1:

For a period of ten years prior to the collision made the basis of this lawsuit, please list each collision, list each and every moving violation for which you have been cited, giving the dates, places, and circumstances, and please state further the final disposition of such traffic citations.

### ANSWER:

### INTERROGATORY NO. 2:

Please state whether or not you were in one of the vehicles involved in the collision that made the basis of this lawsuit. If so, please state:

    a.    The type of vehicle you were in, including the make, model and year of the vehicle.

    b.    Whether or not you were driving the vehicle, and if not, the name of the person who was driving the vehicle.

    c.    The names and addresses of all other persons in the vehicle in question at the time of the accident and the reason that they were in the vehicle at the time.

    d.    The full name and address of the owner of the vehicle.

    e.    The location, date, and approximate time of the collision.

### ANSWER:

### INTERROGATORY NO. 3:

Please describe in detail the manner in which the accident that made the basis of this lawsuit occurred, including but not limited to the rate of speed were you traveling at the time you first lost control of the vehicle you were driving, what rate of speed you were traveling at the time of impact, and what action you took, if any, to avoid the collision.

### ANSWER:

**INTERROGATORY NO. 4:**

Where were you going at the time of the accident and from where had you come immediately prior to the accident that made the basis of this suit?

**ANSWER:**


**INTERROGATORY NO. 5:**

After the collision, did you hear Plaintiff or any other witness make a statement to you or any other person regarding the collision?  If so, state the nature and content of any such statement, the name, address and phone number of the person making the statement, your relationship, if any, with said person, and the names, addresses and telephone numbers of all persons present at the time such statements were made.

**ANSWER:**


**INTERROGATORY NO. 6:**

If you contend that any act or acts of Plaintiff, or any other potential party, contributed to the accident in question, then please state all facts and information upon which their contention is made, and the witnesses from whom you obtained your information, or intend to call in support of their contention.

**ANSWER:**


**INTERROGATORY NO.7:**

If in the past ten (10) years you have ever been arrested, please describe fully the circumstances surrounding your arrest, including the dates, location, and nature of offense.

**ANSWER:**


**INTERROGATORY NO. 8:**

If you claim that the accident that made the basis of this lawsuit could not have been avoided, please state in detail all reasons and/or factors why the accident was inevitable or why you could not have avoided the accident.

**ANSWER:**

**INTERROGATORY NO. 9:**

State each and every factor which you non contend or will contend at trial caused or contributed to the Plaintiff's damages, including, but not limited to, pre-existing physical or medical conditions of the Plaintiff.

**ANSWER:**


**INTERROGATORY NO. 10:**

Describe in detail what damage was done to your vehicle from the collision and give the cost of repair to your vehicle.

**ANSWER:**

**INTERROGATORY NO. 11:**

Give the date of the last inspection of your vehicle to comply with the state inspection requirements, and give the name of the inspection station that conducted such inspection and the date thereof.

**ANSWER:**



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 14, 2016

Certified Document Number:        68464082 Total Pages:  7

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

1/6/2016 4:39:53 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 8489140
By: CUERO, NELSON
Filed: 1/6/2016 4:39:53 PM

## 2016-00761 / Court: 113
CAUSE NO.

| | | |
|---|---|---|
| **LARYE JAMES JOHNSON AND** | § | **IN THE DISTRICT COURT OF** |
| **KATHLEEN CUMMINGS** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **SWIFT TRANSPORTATION** | § | |
| **SERVICES, LLC AND** | § | |
| **JONATHAN HEIDENREICH** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

# LARYE JAMES JOHNSON'S REQUEST FOR DISCLOSURE TO DEFENDANT, SWIFT TRANSPORTATION SERVICES, LLC

To:     Defendant, **SWIFT TRANSPORTATION SERVICES, LLC,** a corporation, doing business in the state of Texas and may be served through its registered agent: National Registered Agents, Inc. located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever they may be found.

PLEASE TAKE NOTICE that, pursuant to the Texas Rules of Civil Procedure, you are requested to disclose, within fifty (50) days of service of this request, the information or material described below:

a.     The correct names of the parties to this lawsuit;

b.     The name, address, and telephone number of any potential parties;

c.     The legal theories and, in general, the factual bases of the responding party's claims or defenses;

d.     The amount and any method of calculating economic damages;

e.     The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

f.     For all testifying experts:

1.     The expert's name, address and telephone number;

2.     The subject matter on which the expert will testify;

3.     The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by or otherwise subject to the control of the responding party, documents reflecting such information;

4.     If the expert is retained by, employed by or otherwise subject to control by the responding party;

(A)     All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepare by or for the expert in anticipation of the expert's testimony; and

(B)     The expert's current resume and bibliography;

g.     Any discoverable indemnity and insuring agreements;

h.     Any discoverable settlement agreements;

i.     Any discoverable witness statements;

j.     All medical records and bills that are reasonably related to the injuries and damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

k.     The injured party's medical records with an authorization furnished by the injured party, a copy of all the records it obtained; and

l.     The name, addresses, and telephone number of any person who may be designated as a responsible third party.

Should your responses to this request require the production of voluminous documents, please produce the responsive documents for inspection, photographing, and copying in the offices of **HUSAIN LAW + ASSOCIATES, PC., 5858 Westheimer Road, Suite 400, Houston, Texas 77057.** Pursuant to the Texas Rules of Civil Procedure, please respond to this request within fifty (50) days of the date of service of this request.

Certified Document Number: 68464083 - Page 2 of 3

Respectfully submitted,

**HUSAIN LAW + ASSOCIATES, PC**

**By**: */s/ Omar Khawaja*
**OMAR KHAWAJA**
**TBN: 24072181**
5858 Westheimer Road, Suite 400
Houston, TX  77057
(713) 621-8900 (Office)
(713) 621-8909 (Facsimile)
E-Service: eserve@hlalawfirm.com

**COUNSEL FOR PLAINTIFFS**

Certified Document Number: 68464083 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 14, 2016

Certified Document Number:        68464083 Total Pages: 3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

1/6/2016 4:39:53 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 8489140
By: CUERO, NELSON
Filed: 1/6/2016 4:39:53 PM

CAUSE NO. _____

## 2016-00761 / Court: 113

| | | |
|---|---|---|
| **LARYE JAMES JOHNSON AND** | § | **IN THE DISTRICT COURT OF** |
| **KATHLEEN CUMMINGS** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **SWIFT TRANSPORTATION** | § | |
| **SERVICES, LLC AND** | § | |
| **JONATHAN HEIDENREICH** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## LARYE JAMES JOHNSON'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT, SWIFT TRANSPORTATION SERVICES, LLC

To:   Defendant, **SWIFT TRANSPORTATION SERVICES, LLC**, a corporation, doing business in the state of Texas and may be served through its registered agent: National Registered Agents, Inc. located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 or wherever they may be found.

Plaintiff, **LARYE JAMES JOHNSON**, pursuant to Rule 196 of the Texas Rules of Civil Procedure, hereby serves this Request for Production upon you. Your written responses to this Request for Production are to be directed to **HUSAIN + ASSOCIATES, PC., 5858 Westheimer Road, Suite 400, Houston, Texas 77057**, within fifty (50) days from the date of service of this pleading. You are hereby requested to produce in the manner directed below the following listed documents, tangible things and items.

### INSTRUCTIONS

1.   Answer each request for documents separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2.   For each document or other requested information that you assert is privileged or is not discoverable; identify that document or other request information. State the specific grounds for the claim of privilege or other ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name, address and job title of the person whom it was addressed to, circulated to, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; and the present location and the custodian for the document.

Certified Document Number: 68464084 - Page 1 of 7

3.   For a document that no longer exists or that cannot be located, identify the document; state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

## DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1.   "Plaintiff," means **LARYE JAMES JOHNSON**, his agents, representatives, and all other persons acting in concert with him, or under his control, whether directly or indirectly, including any attorney.

2.   "Defendant," means, its agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly, including any attorney.

3.   "You" or "your" means **SWIFT TRANSPORTATION SERVICES, LLC,** its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant, their successors, predecessors, divisions, and subsidiaries.

4.   "Document(s)" means all written, typed, or printed matters, and all magnetic or other records or documentation of any kind or description (including, without limitations, letters, correspondence, telegrams, memoranda, notes, records, minutes, contract, agreements, records, or notations of telephone or personal photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents whether or not prepared by you.

5.   "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitations, all collections of documents, maintained, held or stored in folders, notebooks, or other devices for separating or organizing documents.

6.   "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7.   "Relating to" and or "relates to" means, without limitations, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the request.

8. "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

9. "Communication" means any oral or written communication of which the DEFENDANT has knowledge, information, or belief.

10. "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11. "Describe" and "identify", when referring to a person, are defined to require that you state the following:

   a. The full name.

   b. The present or last known residential address.

   c. The present or last known residential and office telephone numbers.

   d. The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.

   e. In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

12. "Describe" and "identify", when referring to a document, are defined to require that you state the following:

   a. The nature (e.g., letter, handwritten note) of the document

   b. The title or heading that appears on the document

   c. The date of the document and the date of each addendum supplement, or other addition or change.

   d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

   e. The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

13. The word "and" means "and/or."

14. The word "or" means "or/and."

Certified Document Number: 68464084 - Page 3 of 7

Respectfully submitted,

**HUSAIN LAW + ASSOCIATES, PC**

**By**: */s/ Omar Khawaja*
**OMAR KHAWAJA**
**TBN: 24072181**
5858 Westheimer Road, Suite 400
Houston, TX  77057
(713) 621-8900 (Office)
(713) 621-8909 (Facsimile)
E-Service: eserve@hlalawfirm.com

**COUNSEL FOR PLAINTIFFS**

## REQUEST FOR PRODUCTION

1.      Please produce copies of all diagrams, charts, photographs or videotapes relevant and/or pertaining to this lawsuit.

**RESPONSE:**

2.      Please produce copies of all written, recorded, stenographic, mechanical, electrical, or other type of recorded or transcribed statements obtained from Plaintiff, his agents, employees or representatives concerning the subject matter of this lawsuit.

**RESPONSE:**

3.      Please produce true copies of any accident reports prepared by or on behalf of Defendant prior to or subsequent to receiving notice of this claim or lawsuit.

**RESPONSE:**

4.      Please produce any and all correspondence, communications, letters, notes of oral communication, and all other documents or writings sent to or received from, or exchanged between you and Plaintiff and his agents, employees, or representatives concerning the subject matter of this lawsuit.

**RESPONSE:**

5.      Please produce a copy of the prescription for the corrective lenses, if any, worn by Defendant's employee driver.

**RESPONSE:**

6.      Please produce a copy of any citation received by the Defendant's employee driver as a result of their actions in the occurrence that made the basis of this lawsuit.

**RESPONSE:**

7.      Please produce copies of all medical records, reports, x-rays, or other documentation pertaining to Plaintiff obtained by the virtue of medical authorizations furnished in response to Defendant's request pursuant to Texas Rules of Civil Procedure, or by any other means.

**RESPONSE:**

8.    Please produce copies of any and all records obtained by virtue of any authorization provided to you by the Plaintiff.

**RESPONSE:**

9.    Please produce copies of any estimates or bill of repairs to Plaintiff's vehicle.

**RESPONSE:**

10.    Please produce any diary, journal or memoranda kept by Defendant relating to the facts made the basis of this lawsuit.

**RESPONSE:**

11.    Please provide a copy of the front and back of the Defendant's driver's license.

**RESPONSE:**

12.    Please produce all experts' reports that have been prepared as a result of this lawsuit or the incident that is the basis of this lawsuit, for each testifying expert, and each consulting expert whose report has been reviewed by a testifying expert.

**RESPONSE:**

13.    Please produce all agreements for settlement, indemnification, compromise, guarantee, or any other kind of agreement which you have entered into with any party, or non-party, as a result of or relating to this lawsuit.

**RESPONSE:**

14.    Produce all working papers, notes, calculations, diagrams, photographs, models, exhibits, and other documents, including reports and factual observations, prepared for or reviewed by any expert who will testify at trial.

**RESPONSE:**

15.     Please produce a copy of each document or exhibit which you plan to or will introduce into evidence at the time of trial.

**RESPONSE:**

16.     Please produce a copy of the Defendant driver's employment application.

**RESPONSE:**

17.     Please produce a copy of the Defendant driver's employee file.

**RESPONSE:**

18.     Please produce a copy of your employment manual.

**RESPONSE:**

19.     Please produce a copy of your driving safety policies.

**RESPONSE:**

20.     Please produce a copy of your drug testing policies.

**RESPONSE:**

21.     Please produce a copy of your hiring and supervising rules, procedure, and policies.

**RESPONSE:**



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 14, 2016

Certified Document Number:        68464084 Total Pages: 7

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# CIVIL PROCESS REQUEST

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** 2016-00761      **CURRENT COURT:** 113TH JUDICIAL DISTRICT

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): FIRST AMENDED PETITON

**FILE DATE OF MOTION:** APRIL 15, 2016

                                          Month/      Day/      Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: JONATHAN HEIDENREICH

    ADDRESS: 125 EAST 11TH STREET, AUSTIN, TEXAS 79701-2483

    AGENT, (if applicable): TEXAS TRANSPORTATION COMMISSION

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

    **SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP**        [ ] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
- [ ] **MAIL**        [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
  - Type of Publication:    [ ] **COURTHOUSE DOOR, or**
  -                   [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [x] **OTHER,** *explain* MAIL TO ATTORNEY FOR SERVICE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2. NAME: _____

    ADDRESS: _____

    AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

    **SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP**        [ ] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
- [ ] **MAIL**        [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
  - Type of Publication:    [ ] **COURTHOUSE DOOR, or**
  -                   [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** *explain* _____

---

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: OMAR KHAWAJA      TEXAS BAR NO./ID NO. 24072181

MAILING ADDRESS: 5858 WESTHEIMER, SUITE 400, HOUSTON, TEXAS 77057

PHONE NUMBER: 713    800-1200       FAX NUMBER: 713    800-0786
             area code     phone number                area code     fax number

EMAIL ADDRESS: OKHAWAJA@HLALAWFIRM.COM



CIVCI08 Revised 9/3/00

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
___1___ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
   ORDER TO: _____
                              (specify)

   MOTION TO: _____
                              (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVC108 Revised 9/3/00

4/15/2016 11:27:57 AM
Chris Daniel - District Clerk Harris County
Envelope No. 10142115
By: Carla Carrillo
Filed: 4/15/2016 11:27:57 AM

## CAUSE NO. 2016-00761

| | | |
|---|---|---|
| LARYE JAMES JOHNSON AND | § | IN THE DISTRICT COURT OF |
| KATHLEEN CUMMINGS | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | HARRIS COUNTY, TEXAS |
| | § | |
| SWIFT TRANSPORTATION | § | |
| SERVICES, LLC AND | § | |
| JONATHAN HEIDENREICH | § | |
| *Defendants.* | § | 113th JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **LARYE JOHNSON and KATHLEEN CUMMINGS**, PLAINTIFFS, complaining of **SWIFT TRANSPORTATION SERVICES, LLC** (incorrectly named as SWIFT TRANSPORTATION SERVICES, LLC, hereinafter referred to as SWIFT TRANSPORTATION CO. OF ARIZONA, LLC) and **JONATHAN HEIDENREICH**, DEFENDANTS, and for cause of action would respectfully show the following:

### A.
### LEVEL

Discovery is intended to be conducted under Level 2 of Texas Rules of Civil Procedure 190. Plaintiffs affirmatively plead that they seek monetary relief in excess of $100,000.00 but no more than $200,000.00.

### B.
### PARTIES

Plaintiffs, **LARYE JAMES JOHNSON** and **KATHLLEEN CUMMINGS**, individuals, are residents of Houston, Harris County, Texas.

Defendant, **SWIFT TRANSPORATION CO. OF ARIZONA, LLC,** a corporation, doing business in the state of Texas and may be served through its registered agent: National Registered Agents, Inc. located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 or wherever they may be found. Citation is requested at this time.

Defendant, **JONATHAN HEIDENREICH,** an individual, is a resident of Liberal, Seward County, Kansas and may be served with process at his place of residence located at 1401 N. New York #308, Liberal, Kansas 67091 or wherever he may be found. Citation is requested at this time.

### C.
### VENUE

Venue is proper in Harris County, Texas, pursuant to § 15.002(a)(1) of the Texas Civil Practice & Remedies Code, as it is the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

### D.
### FACTS

On or about July 16, 2015 Plaintiff, **LARYE JAMES JOHNSON,** was lawfully making a right turn at the 4600 block of North McCarty Street when suddenly and without warning Defendant, **JONATHAN HEIDENREICH,** failed to yield to the right-of-way and struck Plaintiff's vehicle. At the time of the collision, Defendant, **JONATHAN HEIDENREICH,** was driving a vehicle owned by Defendant, **SWIFT TRANSPORATION CO. OF ARIZONA, LLC.**

As a result of the aforementioned collision caused by the negligence of Defendants, **SWIFT TRANSPORATION CO. OF ARIZONA, LLC** and **JONATHAN HEIDENREICH,** Plaintiff sustained bodily injuries, as will be more fully described hereinafter.

**E.**
## NEGLIGENCE OF SWIFT TRANSPROTATION CO. OF ARIZONA, LLC

As stated earlier at the time of the aforementioned collision Defendant, **JONATHAN HEIDENREICH**, was an employee of Defendant, **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**, and was acting within the course and scope of employment. Defendant, **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**, was negligent in hiring, training, supervising, and entrusting its vehicle to Defendant, **JONATHAN HEIDENREICH**.

**F.**
## NEGLIGENCE OF JONATHAN HEIDENREICH

The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligence, negligence per se and/or gross negligence of the Defendant, **JONATHAN HEIDENREICH**, for a variety of acts and omissions, including but not limited to one or more of the following:

A.   In driving said vehicle at an excessive rate of speed immediately prior to the collision;

B.   In operating said vehicle in a careless and reckless manner;

C.   In failing to apply the brakes of said vehicle in time to avoid the aforesaid collision;

D.   In failing to keep a proper lookout;

E.   In failing to keep said vehicle under reasonable and proper control;

F.   In failing to pay full time and attention;

G.   In failing to control speed;

H.   In failing to reduce the speed of said vehicle immediately prior to the aforesaid collision to a rate of speed that would be reasonable and prudent under the same or similar circumstances; and

I.   In failing to obey the statutes of the State of Texas as they pertain to the operation of a motor vehicle; specifically § 545.062.

Each and all of the above acts and/or omissions were negligence and each and all were a proximate cause of the following made the basis of this suit and the injuries and damages suffered by the Plaintiff herein.

### G.
### VICARIOUS LIABLITIY

To continue, Defendant, **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,** is liable under the theory of respondent superior. Under this theory a principal is subject to liability for the conduct of its employees when the commit a tort within the scope of their authority. Defendant, **JONATHAN HEIDENREICH,** was an employee of Defendant, **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,** and was acting within the course and scope of employment at the time if the collision. Defendant, **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,** therefore, is vicariously liable for negligence.

### H.
### DAMAGES – LARYE JAMES JOHNSON

As a result of the occurrence in question Plaintiff, **LARYE JAMES JOHNSON,** sustained serious personal injuries, mental anguish, and physical pain and suffering, medical expenses in the past, and impairment and disability in the past. It is believed that the Plaintiff will also suffer legally recoverable damages in the future. The Plaintiff, **LARYE JAMES JOHNSON,** will respectfully request the Court and Jury to determine the amount of loss the Plaintiff has incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry. There are certain elements of damages provided by law that the Plaintiff is entitled to have the Jury in this case consider separately to determine the sum of money each element that will fairly and reasonable compensate the Plaintiff for the injuries, damages and losses incurred for the date of the accident in question until the time of trial of this case, those elements of damages are as follows:

A.      The physical pain and suffering that the plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

B.      The mental anguish that the Plaintiff has suffered from the date of occurrence in question up to the time of trial;

C.      The amount of reasonable medical expenses necessarily incurred in the treatment of the Plaintiff's injuries from the date of the accident in question up to the time of trail and in the future;

D.      The loss and/or reduction of earnings and/or earning capacity sustained by the Plaintiff from the date of occurrence n question up to the time of trial and in the future;

E.      The physical impairment which the Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future; and

F.      Property damage, loss of use, and diminished value sustained by Plaintiff.

## X.
## DAMAGES – KATHLLEEN CUMMINGS

As a result of the occurrence in question, Plaintiff, **KATHLEEN CUMMINGS**, suffered mental anguish, loss of consortium, and loss of household services. It is believed the Plaintiff will also suffer legally recoverable damages in the future. Plaintiff, **KATHLEEN CUMMINGS**, respectfully requests the Court and Jury to determine the amount of loss the Plaintiff has incurred and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. There are certain elements of damages provided by law that the Plaintiff is entitled to have the jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate the Plaintiff for the damages, and losses incurred from the date of the accident in question until the time of trial of this case. Those elements of damages are as follows:

a.      The mental anguish that the Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

b.      The loss of consortium, care, comfort, society and friendship from the date of the occurrence in question up to the time of trial and in the future; and

    c.      The loss of household services from the date of the occurrence in question to the time of trial and in the future.

## I.
## NOTICE THAT DOCUMENTS WILL BE USED

Pursuant to Rule 193.7, Plaintiff hereby gives notice that all documents produced by Defendants in response to written discovery may be used at any pre-trial proceeding or at the trial of this case.

## J.
## WRITTEN DISCOVERY REQUESTED FROM DEFENDANT, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

Pursuant to Rule 194, the Defendant is requested to disclose, within fifty (50) days of receipt of this request, the information or material described in Rule 194.2(a) through (l) and attached hereto as *Plaintiff's Request for Disclosure* and *Plaintiff's Request for Production*.

## K.
## WRITTEN DISCOVERY REQUESTED FROM DEFENDANT, JONATHAN HEIDENREICH

Pursuant to Rule 194, the Defendant is requested to disclose, within fifty (50) days of receipt of this request, the information or material described in Rule 194.2(a) through (l). Furthermore, Defendant is requested to respond to, within fifty (50) days of receipt of these requests, *Plaintiff's First Set of Interrogatories, Plaintiff's First Request for Production*, and *Plaintiff's First Request for Admissions*, which are being served with a copy of this original petition.

## PRAYER

Plaintiffs, **LARYE JAMES JOHNSON** and **KATHLLEEN CUMMINGS**, seek all legally recoverable damages, including pre-judgment and post-judgment interests. Plaintiffs' damages at this time are all in excess of the minimal jurisdictional limits of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, **LARYE JAMES JOHNSON** and

**KATHLLEEN CUMMINGS**, prays that the Defendants, **SWIFT TRANSPORTATION CO. OF**

**ARIZONA, LLC** (incorrectly named SWIFT TRANSPORTATION SERVICES, LLC) and

**JONATHAN HEIDENREICH**, be cited in terms of law to appear and answer herein; that upon

final trial hereof, the Plaintiffs have judgment against the Defendants for all damages, punitive

damages, legally recoverable pre-judgment and post-judgment interests, all costs of Court, and any

other further relief to which Plaintiffs may show himself justly entitled.

Respectfully submitted,

**HUSAIN LAW + ASSOCIATES, PC**

By: */s/ Omar Khawaja*
**OMAR KHAWAJA**
**TBN: 24072181**
5858 Westheimer Road, Suite 400
Houston, TX  77057
(713) 800-1200 (Office)
(713) 800-0786 (Facsimile)
E-Service: eserve@hlalawfirm.com

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above forgoing instrument has been served upon all counsel of record via e-service, certified mail, return receipt requested and/or facsimile, pursuant to Rule 21a, Tex.R.Civ.P., on this 1st day of April, 2016.

*/s/ Omar Khawaja*
Omar Khawaja

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LARYE JAMES JOHNSON AND | § | |
| KATHLEEN CUMMINGS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:16-cv-1086 |
| | § | |
| SWIFT TRANSPORTATION SERVICES, | § | |
| LLC AND JONATHAN HEIDENREICH | § | JURY REQUESTED |

### LIST OF PARTIES, COUNSEL OF RECORD AND STATUS

**PLAINTIFF:**                                      **DEFENDANTS:**
Martha Zarate                                      Swift Transportation Co. of Arizona, LLC
                                                   Daniel Powers

**ATTORNEYS:**

**ATTORNEY FOR PLAINTIFF:**           **ATTORNEY FOR DEFENDANTS**
Omar Khawaja                          Roger D. Oppenheim
SBN:  24072181                        SBN:  15293400
FBN:                                  FBN:  14205
**HUSAIN LAW & ASSOCIATES, PC**       **LORANCE & THOMPSON, PC**
5858 Westheimer Road, Ste. 400        2900 North Loop West, Ste. 500
Houston, TX 77057                     Houston, TX 77092
713/800-1200                          713/868-5560
713/800-0786 (fax)                    713/864-4671 (fax)
okhawaja@hlalawfirm.com               rdo@lorancethompson.com

**STATUS OF REMOVED CASE:**

January 6, 2016        Plaintiffs' Original Petition, Requests for Disclosure and Written Discovery to Defendants

April 15, 2016         Plaintiffs' First Amended Petition

April 22, 2016         Defendants' Notice of Removal

Defendants, Swift Transportation Co. of Arizona, LLC and Jonathan Heidenreich, have been served with the Plaintiffs' First Amended Petition.  Neither Defendant has filed responses to written discovery.  No depositions have been taken.  The matter has not been mediated.  The case has no trial setting or other court ordered deadlines.

Respectfully submitted,

/s/ Roger D. Oppenheim

_____

Roger D. Oppenheim
FBN: 14206
SBN: 15292400

OF COUNSEL:
**LORANCE & THOMPSON, P.C.**
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com
ATTORNEY FOR DEFENDANTS
SWIFT TRANSPORTATION CO. OF ARIZONA, LLC
AND JONATHAN HEIDENRICH

## CERTIFICATE OF SERVICE

On this 22nd day of April, 2016, a true and correct copy of the foregoing instrument has been provided to all parties by e-filing and/or telefax transmission.

Mr. Omar Khawaja
Husain Law & Associates, PC
5858 Westheimer, Ste. 400
Houston, TX 77057
okhawaja@hlalawfirm.com

/s/ Roger D. Oppenheim

_____

Roger D. Oppenheim

579736.1 PLD 0011310 10031 RDO